**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 19-1636-DOC (JDEx)　　　　　　　　Date: September 30, 2019

Title: PATTI BRENT V. OCWEN LOAN SERVICING, LLC; ET AL

PRESENT:

**THE HONORABLE DAVID O. CARTER, JUDGE**

| Deborah Lewman/Rolls Royce Paschal | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):　ORDER GRANTING MOTION TO DISMISS [10]**

Before the Court are Defendants PHH Mortgage Corporation as successor by merger to Ocwen Loan Servicing, LLC ("PHH" or "Ocwen") and U.S. Bank National Association as Trustee for the C-BASS Mortgage Loan Asset-Backed Certificates, Series 2006-CB1 ("U.S. Bank") (collectively, "Defendants") Motion to Dismiss ("Motion") (Dkt. 10). The Court finds these matters appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having reviewed the papers and considered the parties' arguments, the Court **GRANTS** Defendants' Motion.

**I.　Background**

**A.　Facts**

The following facts are taken from the Complaint ("Compl.") (Dkt. 1). Plaintiff Patti Brent ("Plaintiff") alleges that Defendants recorded a notice of default on a mortgage loan she obtained on the subject property. Compl. ¶ 23. Plaintiff alleges that Defendants failed to comply with state statutory requirements in the notice of default, failed to adequately process a loan modification, and failed to rescind foreclosure efforts during the pendency of the modification among other state statutory violations. *See*

*generally* Compl. Plaintiff alleges one federal cause of action—that Defendants violated the Truth in Lending Act, 15 U.S.C. § 1641(g). Compl. ¶ 93–96.

### B. Procedural History

Plaintiff originally asserted the instant action in Orange County Superior Court. Defendants timely removed this action to this Court claiming federal question jurisdiction because of the claimed violation of the Truth in Lending Act and supplemental jurisdiction over the related state law claims. Notice of Removal at 2–3 (Dkt. 1). On September 3, 2019, Defendants filed the Motion to Dismiss. Dkt. 10. On September 16, 2019, Plaintiff opposed the Motion to Dismiss ("Opp'n") (Dkt. 13). On September 20, Defendants replied ("Reply") (Dkt. 15). Notably, in its opposition, Plaintiff "voluntarily dismisse[d] the 1st, 6th, 9th, and 10th causes of action." Opp'n at 2. The 10th cause of action was the only federal cause of action in the case.

## II. Legal Standard

### A. Failure to State a Claim

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts which, if true, would entitle the complainant to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, courts accept as true a plaintiff's well-pleaded factual allegations and construe all factual inferences in the light most favorable to the plaintiff. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Courts are not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678. In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and materials properly submitted with the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).

### B. Subject Matter Jurisdiction

The Court may decide, on its own initiative, to decline to exercise supplemental jurisdiction when the Court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). The applicable portion of subsection (c) provide:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
>
> (3) the district court has dismissed all claims over which it has original jurisdiction . . .

The Ninth Circuit has affirmed that this Court may decline jurisdiction and dismiss without prejudice state law claims "[w]here [the] district court dismisses a federal claim, leaving only state claims for resolution . . . ." *Wade v. Reg'l Credit Assn.*, 87 F.3d 1098, 1101 (9th Cir. 1996).

### III.　Discussion

Here, Plaintiff chose to forgo opposing Defendants' Motion as it pertained to the 1st, 6th, 9th, and 10th causes of action. Opp'n at 2. The 10th cause of action was the only federal cause of action in this case. *See generally* Compl. Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss Plaintiff's 10th cause of action with prejudice.

As the Court has dismissed the only federal cause of action in this case, the Court declines to exercise supplemental jurisdiction over the remaining state causes of action and dismisses those claims without prejudice. *See Wade v. Reg'l Credit Assn.*, 87 F.3d 1098, 1101 (9th Cir. 1996).

### IV.　Disposition

Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss. The Court **DISMISSES WITH PREJUDICE** Plaintiff's 10th cause of action and **DISMISSES WITHOUT PREJUDICE** the remainder of the Complaint. The Court also **REMANDS** the action to Orange County Superior Court.

The Clerk shall serve this minute order on the parties.

　　　　　　　　　　　　　　　　　　　　　　　　　Initials of Deputy Clerk: rrp

MINUTES FORM 11
CIVIL-GEN